■ RAMONA FINKELMAN, Respondent, v BOARD OF EDUCATION OF THE NYACK UNION FREE SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellant to reinstate petitioner-respondent to a full-time teaching position, the appeal (by permission) is from an order of the Supreme Court, Rockland County, dated May 19, 1977, which, in effect, treated the interposition of the affirmative defense that the petition failed to state a cause of action as a motion to dismiss the petition pursuant to CPLR 3211 (subd [a], par 7) and, on that basis, denied the motion and directed that a trial be held. Order affirmed, with $50 costs and disbursements. Petitioner, a tenured music teacher from 1972 until her participation in an illegal strike on October 14, 1975, was notified by the Superintendent of Schools of the Nyack Union Free School District, in a letter first sent by ordinary mail on October 17, 1975, and later by certified mail on October 28, 1975, that her participation in the strike constituted a violation of subdivision 1 of section 210 of the Civil Service Law, "thereby subjecting * * * [her] to the penalties specified by Section 210 of the Civil Service Law." Among the penalties therein provided is the mandatory loss of tenure and relegation to probationary status for the period of one year (Civil Service Law, § 210, subd 2, par [f]). Thereafter, and on November 25, 1975, petitioner was again notified by certified mail that her continued

participation in the strike from October 14, 1975, until its conclusion on November 21, 1975, constituted a continuing violation of section 210 of the Civil Service Law, and that the statutory penalties would be imposed. Petitioner chose not to contest these determinations that she had participated in an illegal strike (cf. Civil Service Law, § 210, subd 2, par [h]), as a result of which those determinations became final (Civil Service Law, § 210, subd 2, par [d]). On November 9, 1976 the appellant board of education voted to deny petitioner tenure, and on November 10, 1976, she was notified by the superintendent of schools that her services would be terminated at the end of her probationary period, to wit, November 21, 1976. In the instant proceeding petitioner contends, *inter alia,* that her termination was arbitrary and illegal in that the board voted to deny her tenure solely in retaliation for her participation in the October to November, 1975 strike, and that her termination was, in any event, untimely, as her probationary period had commenced on October 28, 1975, the date upon which she was first notified by certified mail of her violation of the Taylor Law (see Civil Service Law, § 210, subd 2, pars [e], [f]; see, also, *Babcock v County of Dutchess,* 55 AD2d 37, mot for lv to app den 41 NY2d 802). Accordingly, petitioner argues, her probationary period expired uneventfully on October 28, 1976, thus automatically reinstating her tenure. Without passing upon the merits, we believe that petitioner has at least stated a viable cause of action, and that issues of fact necessitating a plenary trial have been raised (see CPLR 7803, subd 3; cf. *Babcock v County of Dutchess, supra).* Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.